IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>BRANDON GLEN MAYHEW,<br><br>  Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:10CR687DAK |

This matter is before the court on Plaintiff United States of America's Motion in Limine requesting a pre-trial determination as to the admissibility of a portion of a video recorded statement. Defendant filed an opposition to the motion. Based on the memoranda filed by the parties and the relevant law, the court enters the following Memorandum Decision and Order.

## BACKGROUND

The United States seeks to introduce the recorded interview of witness Robert Dulin. On May 26, 2010, Dulin was interviewed by Detective Brad Young of the Tooele City Police Department. A copy of the videotape of the recording was provided to Defendant during discovery. During the interview, Dulin first claims that he purchased the firearm at issue in this case from girls. Later in the interview, however, Dulin whispered to Young that "Brandon had the gun . . . [h]e bought it from her . . . [h]e wanted me to say it was mine, that I'm the one who purchased it." Dulin then explained that his earlier claim of having purchased the gun was an

1

effort to "take the rap" for Defendant.

Based on a pre-trial interview of Dulin, the United States anticipates that Dulin will testify at trial that he has no recollection of the statements he made to Young during the recorded interview. Defendant asserts that Dulin does not remember his interview with police because Dulin was "high" on illegal drugs during the interview.

## DISCUSSION

The United States seeks to admit a portion of Dulin's recorded interview into evidence under Federal Rule of Evidence 804(b)(3) as a statement against interest of an unavailable witness, under Federal Rule of Evidence 803(5) as a recorded recollection of an available witness, under Federal Rule of Evidence 801 as adopted non-hearsay, and under the residual exception provided in Federal Rule of Evidence 807.

**1. Rule 804(b)(3)**

Federal Rule of Evidence 804(b)(3) defines a "statement against interest" as a "statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Fed. R. Evid. 804(b)(3).

The United States argues that Dulin's reversal on position with respect to who purchased the gun subjected Dulin to criminal liability for obstruction of justice and was, therefore, a statement against interest. Defendant argues that because Dulin cannot remember or testify about what he said during the interview that it is spurious to conclude that he made the statement against his interest.

Under Federal Rule of Evidence 804(a)(3), a witness is deemed "unavailable" when the witness "testifies to a lack of memory of the subject matter of the declarant's statement." Fed. R. Evid. 804(a)(3). Therefore, the court disagrees with Defendant that the mere fact that Dulin cannot remember his statements makes Rule 804(a)(3) and (b)(3) inapplicable. The statements are documented on the videotape. The issue, therefore, is whether the statements are statements that were against Dulin's interest.

The portion of the interview the United States seeks to introduce is a statement that appears to be in Dulin's interest, especially if Dulin was also restricted from possession of a firearm. However, regardless of Dulin's status for purposes of possessing a firearm, the court is not convinced that Dulin would have considered a potential obstruction charge for changing his position within the span of a single interview. Therefore, the court finds that the statement does not qualify for admission under Rule 804(b)(3).

**2. Recorded Recollection**

Federal Rule of Evidence 803(5) provides an exception to the hearsay rule for "a memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately." Fed. R. Evid. 803(5). The memorandum or record must be "shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge completely." *Id.*

The United States argues that Dulin's statement concerns a matter about which Dulin once had knowledge and was recorded at a time when the matter was fresh in his memory. Defendant, however, argues that Rule 803(5) is available only to the Defendant and not to the United States. Defendant asserts that Rule 803(5)'s language that the recording "may be read

3

into evidence but may not itself be received as an exhibit unless offered by an adverse party" means that the recording itself may not be allowed unless defendant offers the recording.

The recording may not be admissible as an exhibit but the government can play it for the jury like other testimonial evidence. Several cases support the finding that the United States can play the recording to the jury during its case-in-chief. *See United States v. Sollars*, 979 F.2d 1294, 1298 (8th Cir. 1992) (permitting government to play tape recording of witness under Rule 803(5) where witness no longer recalled details of interview with agents); *United States v. Riley*, 657 F.2d 1377, 1386 (8th Cir. 1981) (allowing government to introduce taped interview of the victim given to a law enforcement officer when victim had no present memory of the matter recorded); 954 F.2d 1386, 1393-95 (7th Cir. 1992) (allowing government to admit report by FBI agent of witnesses statements under Rule 803(5) when witness could not remember statements made to the agent but testified that he would have told the truth during the interview); *Gorman v. Merrill*, 2006 WL 3537167, *3 (D. Maine Dec. 7, 2006) (stating grand jury testimony was admitted under recorded recollection exception when mother of defendant had no recollection of matter at trial and holding that admission of testimony did not violate Confrontation Clause because witness called at trial); *Holliday v. Symmes*, 2010 WL 910247, *3-9 (D. Minn. Mar. 9, 2010) (allowing officer's reports of interviews to be read to jury under recorded recollection exception when witness could no longer recall conversation because of regular use of ecstasy and finding no problem under Confrontation Clause because witness was present at trial for cross examination). The court, therefore, finds that if Dulin testifies that he has no memory of the interview, the government can play the recording of the interview under the recorded recollection exception. Because the videotape is an actual recording of Dulin's statements, there is no

question as to the accuracy of the record. And because Dulin will be called as a witness, Defendant will have ample opportunity to attack the veracity of the statements on cross examination. Accordingly, the court grants the United States' motion in limine.

DATED this 11th day of February, 2011.

_____
DALE A. KIMBALL
United States District Judge